IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
J. GARRISON THOMPSON, as       :
Administrator and Personal     :
Representative of the          :
Estate of Kay Latham           :
Holbrook, Deceased,            :
                               :
      Plaintiff,               :
                               :
vs.                            :  CIV. ACTION 2:14-0295-CG-M
                               :
HANKOOK TIRE AMERICA           :
CORP.,a foreign                :
corporation; et al.,           :
                               :
      Defendants.              :
```

REPORT AND RECOMMENDATION

This action is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the motion to dismiss filed by Defendant Hankook Tire Company, Ltd. (Docs. 57, 51). Plaintiff has responded to Defendant's motion (doc. 56), and the motion is ripe for resolution. After carefully considering the foregoing pleadings and other relevant material in the record, it is recommended that Defendant Hankook Tire Co., Ltd.'s motion to dismiss (Doc. 57) be denied.

I.   BACKGROUND.

Decedent, Kay Latham Holbrook, was working as a cement truck driver for Holbrook Ready Mix when he was involved in a fatal single vehicle accident on July 30, 2011. (Doc. 36 at 4). The Holbrook Ready Mix cement truck involved in the crash had been purchased approximately a month and a half earlier, on June 10, 2011, from Shelby Concrete, Inc. (Doc. 1-13 at 21). Plaintiff claims that the cement truck's left front tire "suddenly and without warning detreaded causing the driver[, Mr. Holbrook,] to lose control of his vehicle, crashing into a bridge railing, which then caused the vehicle to overturn." (Doc. 36 at 4). The tire subject to the blowout was a Hankook AH10 425/65R22.5 tire manufactured by Defendant Hankook Tire Co., Ltd. ("Hankook Tire") and was mounted on the vehicle at the time of purchase from Shelby Concrete, Inc. (*Id*.). Plaintiff details that the tire in question had been retreaded or recapped by GCR Tire Center and mounted on the truck prior to Shelby Concrete, Inc. selling the vehicle to Holbrook Ready Mix. (*Id*.).

On June 28, 2013, Plaintiff, the administrator and personal representative of the Estate of Kay Latham Holbrook, brought suit against multiple defendants,

2

including Defendant Hankook Tire, for the wrongful death of Mr. Holbrook.[1]

II.  DISCUSSION.

Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See*, *e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See*, *e.g.*, *Brower v. Cnty. of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989).

---

[1]  This suit was originally filed in the Circuit Court of Dallas County, Alabama against ten defendants.  (Doc. 1-13 at 16).  The case was removed to the United States District Court for the Southern District of Alabama on June 26, 2014, and six defendants remain: Hankook Tire America Corp., Hankook Tire Company, Ltd., Bridgestone Bandag, L.L.C., Bridgestone Retail Operations, L.L.C., GCR Tire Centers; Bridgestone Americas Tire Operations, L.L.C. (Doc. 36).

3

The complaint alleges that Hankook Tire:

> . . .[D]esigned, engineered, manufactured, advertised, tested, inspected, sold, distributed, or otherwise placed into the stream of commerce the Hankook AH10 425/65R22.5 tire . . . in a defective and unreasonably dangerous condition. . . .
>
> [Hankook Tire] reasonably expected that the Hankook tire would reach the ultimate consumer, or user, in the condition they were in at the time of the occurrence, made the basis of this lawsuit. . . .
>
> The Hankook tire was unreasonably dangerous and defective and the defects existing therein subjected the Plaintiff's decedent to an unreasonably risk of harm in that the tire, as designed, had a substantial propensity to deteriorate, experience tread separation, blow-out or otherwise experience failures before the useful life of the tire had expired. . . .
>
> The Hankook tire, which is the subject matter of this lawsuit, was defective in the following respects:
>
> (a) Improper design of the tire from a handling, durability instability standpoint;
> (b) Improper design and manufacture of the tire so as to create an unreasonable and dangerous propensity to separate under normal and foreseeable circumstances;
> (c) Failure to provide a reasonable and adequate warning to suppliers and users of the tire about the tire's propensity to separate in various circumstances and conditions;
> (d) Marketing the tire in such a way as to mislead consumers as to the

4

>       safety, stability, maneuverability
>       and roadworthiness of the tires;
> (e)   Improper and inadequate testing of
>       the tire and its components;
> (f)   Hiding from the public the true
>       nature of the tire and its
>       propensity to separate and cause a
>       driver to lose control, experience
>       rollover wrecks or otherwise be
>       involved in potentially fatal
>       wrecks;
> (g)   Failing to properly train its
>       employees in the proper
>       inspection, manufacturing, and
>       servicing of the tires;
> (h)   Failing to design a tire which
>       would not detread under normal
>       driving conditions;
> (i)   Failing to properly monitor
>       detreading causes in its tires and
>       warn the public of dangerous
>       propensities;
> (j)   Failing to conduct tests on the
>       tire to determine how vehicles
>       using the tire would react in the
>       event of a tire tread separation;
> (k)   Failing to design and manufacture
>       the tire in accordance with
>       specifications provided by vehicle
>       manufacturers or failing to design
>       specifications to meet the
>       intended use of the tire. . . .
>
> As a direct and proximate result of the defective
> tire, the decedent, Kay Latham Holbrook, was
> caused to suffer fatal injuries in this wreck.
> Plaintiff makes a claim for wrongful death on
> behalf of his estate.

(Doc. 36 at 5-6.). In order for Plaintiff to hold Defendant liable for a claim brought under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), Plaintiff must show:

5

> (1) he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) Showing these elements, the plaintiff has proved a prima facie case although
>
> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>
> (b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*Casrell v. Altec Indus.*, 335 So. 2d 128, 132-133 (Ala. 1976).

In the case at hand, Plaintiff has pleaded the necessary elements of an AEMLD claim, but has admitted that the tire in question under went a change from the time it was manufactured by Defendant.  Defendant argues, and urges this Court to accept, that the admitted retreading or recapping of the Hankook tire at issue represents a "substantial" change in the condition of the tire, thereby automatically relieving Hankook Tire of the possibility of liability, negating discovery and determining the proximate

6

cause of injury.[2]  In sole support of its theory, Defendant cites *Williams v. Michelin Tire Corp.*, 496 So. 2d 743 (Ala. 1986).

Plaintiff Williams was injured while driving a UPS truck equipped with a retreaded tire that blew out. Williams and his wife brought suit against several defendants, including Michelin Tire Corporation, the manufacturer of the tire, and Fleet Tread Service, Inc., the entity responsible for retreading the tire, alleging the tire was defective.  The evidence before the court revealed that an experienced tire inspector had examined the faulty tire at issue and determined the blowout was due to the retreading of the tire, not from a "defect in the material, workmanship, or design of the tire."  *Id*.  The record also contained Williams' statement that he saw no foreign objects in the road on the day of the accident, which was supported by the statement of an eye witness to the accident who affirmed he walked up and down the road following the accident but saw no large objects or potholes

---

[2]  On August 14, 2013, prior to the transfer of this suit to federal court, codefendant Hankook Tire America Corp. ("Hankook America"), Defendant Hankook Tire's subsidiary, filed an identical motion to dismiss in state court. (*See* Doc. 1-13 at 184).  The court denied Hankook America's identical motion to dismiss based on *Williams v. Michelin Tire Corp.* (doc. 1-14 at 408; doc. 56-1) and denied Hankook America's motion to certify the order for an interlocutory appeal. (Doc. 1-14 at 467).

that would have caused the blow out. *Id*. Additionally, a professional engineer knowledgeable in stress analysis of tires opined that the cause of the accident was due to the casing, tread, or faulty recapping process. The trial court dismissed the claim against Michelin Tire Corp. based upon the AEMLD, and subsequently granted summary judgment in favor of Fleet Tread Service, Inc. and the remaining defendants, and the plaintiffs appealed arguing that there was "at least a scintilla of evidence to support their claims." *Williams*, 496 So. 2d at 745. In regards to the dismissal of the defendant tire companies, the Alabama Supreme Court concluded that to establish a claim under the AEMLD,

> the product must reach the consumer without substantial change in condition. Since the tire that Michelin put into the stream of commerce had undergone a substantial change in condition due to being recapped, Michelin cannot be held liable. Therefore, the court's dismissal of this claim against Michelin was correct. However, plaintiffs introduced expert testimony that the blow-out could have been caused by either the tire casing or the tread or *the recapping process*. Thus, plaintiffs have offered at least a scintilla of evidence that the recapping process was faulty, and, therefore, the summary judgment in favor of the recapper, Fleet Tread Service, Inc., should not have been granted.

*Williams*, 496 So. 2d at 746.

It appears to be undisputed that the Hankook tire in the current case was retreaded as the tire in *Williams*, thereby altering it from its original condition. However, it is unclear at this stage of the case whether or not the cause of the accident and Mr. Holbrook's death was in fact due to the alteration of the tire, as was opined in *Williams*, or whether or not the alteration was foreseeable, or whether or not the alteration was substantial. *See Bullen v. Roto Finishing Systems*, 435 So. 2d 1256, 1258 (Ala. 1983) (adding a catwalk and platform to an embossing/printing machine did not relieve the manufacturer of liability when there was evidence that the nip point was unsafe as originally designed); *Banner Welders, Inc. v. Knighton*, 425 So. 2d 441, 451 (Ala. 1982) (adding grounding blocks to a shuttle welder would not relieve the welder's manufacturer of liability when the blocks merely increased the frequency of malfunctions); *Beloit Corp. v. Harrell*, 339 So. 2d 992, 996 (Ala. 1976) (removing blades from a paper-making machine would not relieve the manufacturer of the machine of liability when the blades would not have prevented the accident); *Clarke Industries, Inc. v. Home Indemnity Co*., 591 So. 2d 458, 462 (Ala. 1991) (replacing the disposable dust collection bag on floor sander with a bag not manufactured by the seller was a foreseeable

9

alteration that would not relieve the manufacturer of liability for injuries caused by spontaneous combustion of the dust collection bag attached to the sander); *but cf., Fenley v. Rouselle Corp.*, 531 So. 2d 304, 306 (Ala. 1988) (removing the safety devices from a machine press constituted a superseding cause of employee's accident that relieved the press's manufacturer of liability); *Burkett v. Loma Machine Manufacturing, Inc.*, 552 So. 2d 134, 136 (Ala. 1989) (modifying the blade guard on a billet saw to expose an additional 15 inches of the blade was a substantial change that relieved the manufacturer of liability); *Morguson v. 3M Co.*, 857 So. 2d 796, 801 (Ala. 2003)(when not foreseeable, an "alteration amounts to an intervening and superseding cause of the injury and relieves the seller of liability under the AEMLD").[3]

---

[3] Notably, these cited cases are factually distinct from the case at hand, as none of them involve an original tire manufacturer's liability after the tire has been retreaded, like *Williams v. Michelin Tire Corp*. Interestingly, however, Plaintiff nor Defendant cite any other cases involving a manufacturer's exception from liability purely because a tire has been retreaded, and the Court was unable to locate any either. Despite the factual similarity regarding the retreaded tire in *Williams*, *Williams* is easily distinguishable from the current case in that *Williams* contains evidentiary proof of the proximate cause of harm to its plaintiff. For this reason, the Court determines that it must follow the abundance of case law reasoning the alteration of a product must be the proximate cause of injury in order to relieve a manufacturer of liability, versus the single case of *Williams v. Michelin*

10

While Defendant relies exclusively on *Williams* to support its motion to dismiss, the Alabama Supreme Court has pronounced in case after case that the mere fact that a product has been altered subsequent to its sale does not necessarily relieve the seller of liability. *Johnson v. Niagara Machine & Tool Works*, 555 So. 2d 88, 91 (Ala. 1989); *see also Banner Welders, Inc. v. Knighton*, 425 So. 2d 441, 451 (Ala. 1982) (citing Annotation, *Products Liability: Alteration of Product After It Leaves Hands of Manufacturer or Seller as Affecting Liability for Product-Caused Harm*, 41 A.L.R. 3d 1251, 1253 (1972)).

> An essential element of an AEMLD claim is proof that the product reached the consumer without substantial change in the condition in which it was sold. *Clarke Indus., Inc. v. Home Indemn. Co.*, 591 So. 2d 458, 462 (Ala. 1991); *see also Caterpillar Tractor Co. v. Ford*, 406 So. 2d 854 (Ala. 1981). **However, the mere fact that a product has been altered or modified does not necessarily relieve the manufacturer or seller of liability**. *Johnson v. Niagara Machine & Tool Works*, 555 So. 2d 88, 91 (Ala. 1989). **A manufacturer or seller remains liable if the alteration or modification did not in fact cause the injury**, *Johnson*, 555 So. 2d at 91 (quoting *Industrial Chem. & Fiberglass Corp. v. Hartford Acc. & Indemn. Co.*, 475 So. 2d 472, 476 (Ala. 1985); *Bullen v. Roto Finishing Systems*, 435 So. 2d 1256 (Ala. 1983); *Brown v. Terry*, 375 So. 2d 457 (Ala. 1979), or if the alteration or modification was reasonably foreseeable to the manufacturer or seller. *Clarke Indus.*, 591 So. 2d at 462; *Beloit Corp. v. Harrell*, 339 So. 2d 992 (Ala. 1976)."

*Tire Corp.*

*Halsey v. A.B. Chance Co.*, 695 So. 2d 607, 608 (Ala. 1997) (citing *Sears, Roebuck and Co. v. Harris*, 630 So. 2d 1018, 1027 (Ala. 1993), *cert. denied*, 511 U.S. 1128, 128 L. Ed. 2d 865, 114 S. Ct. 2135 (1994)) (emphasis added).

Defendant appears to maintain that *Williams* proposes a bright line rule - that anytime a tire is retreaded and that same tire suffers a blowout, that the manufacturer is automatically relieved of liability due to the fact that the original product was altered after being set into the stream of commerce.  The Court cannot go against the weight of legal authority that resists this reasoning.  Instead, it is more sound to declare that, if the evidence shows the retreading of a tire is the proximate cause of a plaintiff's injury, then the original tire manufacturer cannot be found liable for a plaintiff's injuries. However, in the case at hand, unlike *Williams*, Plaintiff, nor any party, has yet to submit evidence detailing the cause of the fatal accident.

The burden of proving the AEMLD claims ultimately rests with "the injured consumer to prove that the product left the defendant's control in an unreasonably dangerous condition not fit for its expected use, and that which

12

rendered the product in such an unfit condition in fact caused the injury. The plaintiff's burden will not be sustained without evidence to support the conclusion that the product is defective." *Sears, Roebuck & Co. v. Haven Hills Farm, Inc.*, 395 So. 2d 991, 995 (Ala. 1981)(citing Restatement (Second) of Torts, § 402 A, Comment g.). Plaintiff must show that the injury was not caused by the change, in this case the retreading. *Williamson v. Tyson Foods*, Inc., 626 So. 2d 1261, 1264 (Ala. 1993); *Verchot v. GMC*, 812 So. 2d 296, 301 (Ala. 2001)("The Plaintiff must prove that the product was substantially unaltered when used by him and must also prove causation in fact, including proof that the defect caused the injury and that the defect is traceable to the Defendant.").

The problem is that this case is at the pleadings stage, not the summary judgment stage.[4] Plaintiff is not required to "prove" ultimate facts or "produce" an evidentiary foundation for its claims to satisfy Rule 12(b)(6). Instead, a Rule 12(b)(6) motion merely questions

---

[4] The discovery process has been stalled in this case due to Plaintiff's difficulty in  successfully serving Hankook Tire Co., Ltd. (*See* Doc. 46). On March 13, 2015, the Court suspended the dates for expert disclosures until Defendant Hankook was served and appeared. (Doc. 48).  To date, the scheduling order has not been modified as Defendant Hankook was served and filed this motion to dismiss, but has not filed a formal appearance.  (Doc. 51, 53).

13

the legal sufficiency of a complaint. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). And at this juncture, "[w]e take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); see *also Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1308 (11th Cir. 2010) (similar). Defendant Hankook is entitled to challenge these factual allegations and demand proof of the same in discovery and at trial, assuming that genuine disputes of material fact exist. But Defendant cannot preempt the discovery process via a Rule 12(b)(6) motion in which it essentially urges the Court to reject the well-pleaded allegations of the complaint for want of proof, or to force Plaintiff to meet a summary judgment-type burden of proof today.

III. CONCLUSION.

For the reasons set forth above, it is recommended that Defendant's motion to dismiss be denied.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

15

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 8th day of July, 2015.

                                                     s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE